(108 So. 450)

## McQUAGGE BROS., Inc., et al. v. THROWER.     (4 Div. 246.)

(Supreme Court of Alabama.   March 25, 1926. Rehearing Denied May 13, 1926.)

**1. Chattel mortgages ⬡⟝300 — Conditional sales contract treated in equity as a mortgage, and vendee offering to do equity will be relieved of forfeiture for default, and redemption will be allowed (Code 1923, §§ 7400-7402).**

Where purchaser of a chattel pays a large portion of purchase price, balance to be paid by installments secured by a contract, retaining title with right to reclaim property upon default in any installment, and all prior payments then to be treated as rents for use of property, transaction is regarded in equity as a mortgage, and vendee offering to do equity will be relieved of condition regarded in equity as in nature of a forfeiture, and redemption will be allowed in view of Code 1923, §§ 7400-7402.

**2. Set-off and counterclaim ⬡⟝8(2)—Court, in permitting redemption after forfeiture of conditional sales contract on vendee's offer to do equity, may allow a set-off in reduction or satisfaction of debt without regard to solvency of defendants.**

Where purchaser of a chattel pays a large portion of purchase price, balance to be paid by installments secured by a contract, retaining title with right to reclaim the property upon default in any installment, all prior payments then to be treated as rents for use of property, court in permitting redemption from forfeiture on vendee's offer to do equity may adjust and allow a set-off in reduction or satisfaction of the debt without regard to solvency or insolvency of defendants.

**3. Estoppel ⬡⟝68(4).**

Party is estopped to make defense or objection inconsistent with position previously asserted by him, which position was successfully maintained.

### On Rehearing.

**4. Estoppel ⬡⟝68(4)—In suit to redeem personalty held under conditional sales contract and to enjoin suit in detinue, defendant held estopped to assert there was an adequate remedy by set-off of plaintiff's demands in detinue suit, after procuring ruling to contrary in prior detinue suit ·(Code 1923, § 7402).**

In purchaser's suit to redeem personal property held under conditional sales contract and to enjoin suit in detinue for property, defendant, who obtained ruling in detinue suit that right of set-off did not exist against plaintiff therein, thereby recognizing that full benefit of relief of Code 1923, § 7402, could not be had in detinue suit, was estopped to assert that there was an adequate remedy by set-off of plaintiff's demands in detinue suit.

Appeal from Circuit Court, Dale County; J. S. Williams, Judge.

Bill in equity by Oscar Thrower against McQuagge Bros., Inc., and the Southern Securities Company.   From a decree overruling demurrer to the bill, respondents appeal.   Affirmed.

J. E. Acker, of Ozark, and O. S. Lewis, of Dothan, for appellants.

Appellee could have pleaded any matter of defense, except statute of limitation, in the action of detinue.   Code 1923, § 7402. Equity will not enjoin, in order that the mortgagor may have the benefit of a set-off of an unliquidated demand against the mortgagee's demand, in absence of mortgagee's insolvency.   Caldwell v. Caldwell, 166 Ala. 406, 52 So. 323, 139 Am. St. Rep. 48; Yarbrough v. Thornton, 147 Ala. 221, 42 So. 402.   Set-off by the mortgagor is not available in a suit to enforce equity of redemption.   Birmingham Ind. Co. v. Phillips, 206 Ala. 467, 90 So. 498.   A mortgagor cannot resort to equity for relief against the mortgage debt merely on the ground that he has a demand against the mortgagee.   Gafford v. Proskauer, 59 Ala. 264; Samuels v. Scott, 212 Ala. 679, 103 So. 848.

Sollie & Sollie, of Ozark, for appellee.

Appellants are estopped to say that complainant should have made his defenses at law.   Hodges v. Winston, 95 Ala. 514, 11 So. 200, 36 Am. St. Rep. 241; Harrison v. Harrison, 200 Ala. 379, 76 So. 295; Fox v. Sampey, 9 Ala. App. 561, 63 So. 769; Brown v. French, 159 Ala. 645, 49 So. 255.

BOULDIN, J.   The bill is filed to redeem personal property held under a conditional sale contract, and to enjoin a suit in detinue for the property.   In effecting redemption, it is sought to set off certain demands held by the plaintiff.   Complainant offers to do equity. The demurrer raises the point that there is no averment of insolvency of respondents; hence, no want of an adequate remedy at law to recover the demands complainant seeks to set off in this suit.

[1] Where the purchaser of a chattel pays a large portion of the purchase price, the balance to be paid by installments, secured by a contract retaining title with right to reclaim the property upon default in any installment, and in such event all prior payments to be treated as rents for the use of the property, the transaction is regarded in equity as a mortgage, a form of security for the debt.   The vendee, offering to do equity, will be relieved of the condition, regarded in equity as in the nature of a forfeiture, and redemption be allowed.   Barton v. W. O. Broyles Stove & Furniture Co., 212 Ala. 658, 103 So. 854.   We note that sections 7400, 7401, and 7402, Code of 1923, recognize this right at law, at the election of the vendee,

when sued in detinue. These statutes are written into such contracts.

[2] Incident to this equity, the court may adjust and allow a set-off in reduction or satisfaction of the debt; and this without regard to the solvency or insolvency of the respondent.

The further point is raised that an adequate remedy is provided in the detinue suit by Code, § 7402. By this section, in actions of detinue by mortgagees or vendors in conditional sales, or their assignees, "the defendant may plead any matter of defense, including usury, that he might have pleaded if the action had been on the debt, except the statute of limitation."

This brings to view averments of the bill designed to meet the objection raised by demurrer. It appears complainant, Thrower, bought a tractor from respondent McQuagge Bros., Inc., paying part cash, and for the balance gave notes secured by the conditional sale contract. On the same date the notes and contract were transferred in writing in the form of a "dealer's assignment" to respondent Southern Securities Company. This with the knowledge and consent of Thrower, evidenced by a "buyer's receipt," as part of the transaction. Upon default in payment of one or more of the notes, Southern Securities Company brought suit in detinue for the tractor. On the trial of that suit, both respondents participating, defendant Thrower offered to prove that McQuagge Bros., Inc., had, pursuant to contract, paid to Southern Securities Company the several notes as they matured. This was then admitted by counsel to be true, but objection was made to the evidence upon the ground that the legal title to the tractor was still in Southern Securities Company. This objection was sustained, and the court announced he would give the affirmative charge for plaintiff in the detinue suit. Thereupon the defendant Thrower moved the court to suspend the trial and give him an opportunity to file a bill in equity. This was granted upon condition that he pay the accrued costs in the detinue suit.

[3] The bill avers that by the ruling of the court, invoked by these respondents, the complainant was denied the opportunity to present his set-off held against McQuagge Bros., Inc., and that respondents are now estopped to say he had an adequate remedy under section 7402 of the Code.

"A party is estopped to make a defense or objection inconsistent with a position previously asserted by him, which position was successfully maintained." 21 C. J. 1226, § 229.

He is estopped to assert the ruling was erroneous as to the party against whom he thus obtained an advantage. Woodruff v. Stough, 107 Ala. 314; 327, 18 So. 258; Harrison v. Harrison, 200 Ala. 379, 76 So. 295; Hodges v. Winston, 95 Ala. 514, 11 So. 200, 36 Am. St. Rep. 241; Caldwell v. Smith, 77 Ala. 157, 165; Hill v. Huckabee, 70 Ala. 183.

This principle is applicable to the case made by the bill; and it is unnecessary to consider whether the vendee was entitled to maintain his set-off in the detinue suit under the broad terms of section 7402 and associated provisions.

The decree overruling the demurrer is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and MILLER, JJ., concur.

## On Rehearing.

BOULDIN, J. [4] Insistence is made that the decision is in conflict with Caldwell v. Caldwell, 166 Ala. 406, 52 So. 323, 139 Am. St. Rep. 48. In that case the bill sought to enjoin foreclosure under power of sale upon the ground that the mortgagor held a demand against the mortgagee which was sought to be set off against the mortgage debt. In the absence of averment of insolvency of the mortgagee, or other showing of inadequacy of a remedy at law, the bill was held to be without equity. The case is inapplicable here. Appellant assumes the equity of the present bill rests alone upon a right to set-off. The opinion undertakes to make clear that the equity of the bill, in the first instance, is rested upon a right of redemption in equity avoiding the effect of a forfeiture, and dealing with the conditional sale contract as in the nature of a mortgage. The detinue statute now undertakes to afford a like remedy at law, and if it were adequate in the particular case, there could be no occasion to enjoin such suit and effect the same result in equity. This detinue statute recognizes as of right all defenses except the statute of limitations. In this instance it was ruled in the detinue suit that the set-off existed against the equitable owner of the note and not against the plaintiff holding the legal title, although the suit was for the benefit of the party against whom the set-off was held. Hence the full benefit of the relief recognized by statute could not be had in the detinue suit. This ruling estopped appellant from asserting there was an adequate remedy to effect a set-off in the detinue suit. This right of set-off under the facts is an incident to the relief in equity by way of redemption.

Application overruled.