147 So. 628

## GREENE v. ROLSTON.

### l Div. 765.

Supreme Court of Alabama.

April 13, 1933.

Marion R. Vickers, of Mobile, for appellant.

Alex T. Howard, of Mobile, for appellee.

FOSTER, Justice.

There was a first and second mortgage on real property. The first mortgage was foreclosed and the property was purchased by a third person paying $198.38 more than the mortgage debt and expenses of foreclosure. The second mortgagee sued the first in assumpsit, for that amount. He brought the money into court and filed an interpleader under authority of section 10386, Code, naming the purchaser at the foreclosure sale as a claimant.

The claimant appeared and moved that the cause be transferred to the equity side of the court, on the ground that his claim was equitable and depended upon the right to equitable subrogation, resulting from the fact that at the time of his purchase there were due city and county and paving taxes, all of which were delinquent, and he had paid them. The court sustained plaintiff's demurrer to the motion, and rendered final judgment for plaintiff. There is no bill of exceptions.

The only assignments of error relate to the judgment of the court sustaining plaintiff's demurrer to the motion of claimant to transfer the cause to the equity side of the court. This court has often held that such a ruling may not be reviewed on appeal. Derzis v. Cox, 223 Ala. 517, 137 So. 306; Maryland Casualty Co. v. Dupree, 223 Ala. 420, 136 So. 811.

We may add, however, that since appellant is a claimant of a sum of money paid into court by defendant in statutory interpleader, under section 10386, Code, his rights should be determined on equitable principles, and resort to a court of equity to secure them is not necessary. McDonald v. McDonald, 212 Ala. 137, 102 So. 38, 36 A. L. R. 761; First Nat. Bank of Gadsden v. Murphree, 218 Ala. 221, 118 So. 404.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.