8 So.2d 514

**FISCUS v. YOUNG.**

6 Div. 992.

Supreme Court of Alabama.

June 5, 1942.

40

Taylor, Higgins & Windham and J. Howard Perdue, Jr., all of Birmingham, for appellee.

GARDNER, Chief Justice.

Statutory action in the nature of ejectment. There was judgment for plaintiff and defendant appeals. The appeal is upon the record and without bill of exception. The motion of defendant to transfer the cause to the equity docket was denied and defendant, in the alternative, has submitted his petition for mandamus in review

Logan & James, of Birmingham, for appellant.

of this ruling. A single discussion will dispose of the appeal and the petition without express separate treatment. It is well settled that in statutory actions of ejectment the only appropriate plea is "not guilty", under which a defendant may introduce any evidence which will bar plaintiff's right of recovery, and it is the only plea on which the plaintiff can be required to take issue. Title 7, § 941, Code 1940. Bynum v. Gold, 106 Ala. 427, 17 So. 667; Metropolitan Life Ins. Co. v. Estes, 228 Ala. 582, 155 So. 79.

In addition to the plea of the general issue, defendant interposed special pleas 3, 5 and 6 which were stricken on plaintiff's motion. The above authorities suffice to demonstrate there was no error in this ruling.

The motion for a new trial presents in large part grounds which are not reviewable in the absence of a bill of exceptions. Delbridge v. State, Ala.Sup., 8 So.2d 160.[1] The ground of the motion based upon refusal of the trial court to transfer the cause to equity is not reviewable on this appeal. Phoenix Chair Co. v. Daniel, 228 Ala. 579, 155 So. 363; Maryland Casualty Co. v. Dupree, 223 Ala. 420, 136 So. 811; Greene v. Rolston, 226 Ala. 446, 147 So. 628; Whitten v. Sheffield Land Co., 233 Ala. 580, 173 So. 48.

Defendant argues upon the theory of an estoppel that plaintiff cannot be permitted to say his pleas filed in this ejectment suit were not maintainable for the reason plaintiff had successfully resisted defendant's motion for a transfer of the cause to the equity docket. Maryland Casualty Co. v. Dupree, supra; McQuagge Bros. Inc., v. Thrower, 214 Ala. 582, 108 So. 450.

The controlling principle in this character of estoppel is that a party is estopped to make a defense or objection inconsistent with a position previously asserted by him, which position was successfully maintained. McQuagge Bros. Inc., v. Thrower, supra. And as observed in 31 C.J.S., Estoppel, § 1, p. 192 "the purpose of estoppels is to prevent inconsistency and fraud resulting in injustice."

Plaintiff in this action has assumed no such inconsistent positions. She had the right to insist that no equitable cause was shown in the motion and that the ends of justice would not be promoted thereby. As stated in Whitten v. Sheffield Land Co., supra, the right of removal is not a matter of course merely upon filing the motion, and that there are instances where issues of fact are presented wherein the ends of justice may be thwarted, rather than promoted by the transfer of an ejectment suit. A defendant in such suit, if in fact he has an equitable defense, would not be barred from his subsequent resort to equity for its establishment. Such was the holding in Phoenix Chair Co. v. Daniel, supra.

But as we have previously observed the only plea upon which a plaintiff in ejectment may be required to take issue is that of the general issue, and the striking of defendant's special pleas could in no manner have injuriously affected his rights. He still had the right to offer proof in defense of the action. If he did so there is nothing here to so indicate.

But going more to the merits we consider the motion to transfer, the special pleas as well as defendant's affidavit filed in support of the motion as entirely too vague and uncertain in allegations of fact. Plaintiff is executrix of the estate of Frances Meade Fiscus, deceased, who was defendant's wife. Her will has been duly admitted to probate in which this plaintiff was left the property here in question. Defendant in his motion, pleas and affidavits appears to assert, as we understand the record, that his deceased wife had previously conveyed the property to him, placed the deed in a trunk and subsequently a delivery was made effective by giving to defendant the key thereto. Williams v. Dent, 233 Ala. 109, 170 So. 202 and authorities therein cited.

Of course delivery is a matter of intention and as we read the record defendant insists there was such delivery, though all statements as to the deed are vague, indefinite and unsatisfactory. But if in fact there was a duly executed deed (and this appears only by way of conclusion) and if facts sufficed for the jury's consideration to show delivery, then all of this was available to defendant in the ejectment action under the plea of the general issue, and as of course no cause for transfer would appear. Greene v. Rolston, 226 Ala. 446, 147 So. 628. That is the case as we view it on the merits.

Defendant advances an argument for equitable defense upon the theory of

**42**

constructive trust. Summers v. Summers, 218 Ala. 420, 118 So. 912; Kent v. Dean, 128 Ala. 600, 30 So. 543. His reliance is upon the contention (denied by plaintiff) that plaintiff surreptitiously took the deed from the trunk. But if so she thereby acquired no title to the property upon which to rest any equitable doctrine of constructive trust. It was still open to defendant to show execution and delivery of the deed as a defense to the action.

And we think it clear enough the statement that defendant, the husband, made some improvements on his wife's property, their home, is insufficient, without more upon which to fasten a lien thereon. A gift by the husband to the wife will be presumed. Montgomery v. McNutt, 214 Ala. 692, 108 So. 752; 30 C.J. 702; 65 C.J. pp. 403, 404. And indeed the trial judge was justified from the affidavits offered to conclude such a claim was a mere afterthought and without any justifiable foundation.

Viewing the case both upon appeal and upon the petition filed here for mandamus, we conclude the rulings of the trial court are free from error.

In order to determine meritorious questions presented by the record, we have treated and considered the petition for mandamus, though we do not wish to be committed to petitioner's right to have the same so considered here after a full trial of the cause upon the merits in the court below. See Smith v. Dannelly, 224 Ala. 592, 141 So. 569; Ex parte Louisville & N. R. Co., 211 Ala. 531, 100 So. 843.

The result is that the judgment on appeal will be affirmed and the mandamus writ denied.

Affirmed. Writ denied.

BOULDIN, FOSTER, and LIVINGSTON, JJ., concur.