WRIGHT, Presiding Judge.
This is an adoption case. The only issue on appeal is whether the court erred when it denied Larry Wayne Tindall’s petition to annul adoption decrees of three minor children.
Larry Wayne Tindall (Tindall) married Cynthia Faye Tindall in 1979. Cynthia Tin-dall had three children from a previous marriage: Jennifer Renea Armstrong, Allen Wayne Armstrong, Jr. and Pamela Joyce Armstrong. In February 1982 Tin-dall filed petitions in the probate court to adopt these children. The petitions to adopt contained the consent of the natural mother but did not contain the consent of the natural father, Allen Wayne Armstrong, Sr. Tindall amended his petitions to show that the consent of the natural father was not necessary, since he had abandoned the children. An affidavit was filed to support this contention. Final decrees of adoption were granted in November 1982.
Tindall and the mother divorced in 1985 and he then filed a petition for annulment of the decrees of adoption in the Probate Court of Jefferson County. The petition alleged that the decrees should be annuled because the court lacked proper jurisdiction to grant the decrees since the natural father failed to consent to the adoptions. This petition was denied. Tindall appealed to the circuit court, which denied the petition. Tindall appeals from that judgment.
The court did not err when it denied Tindall’s petition to annul the adoption decrees. Tindall’s amended petitions to adopt averred that the natural father had abandoned his children. Tindall’s position on appeal and in the lower court on his petition to annul the decrees is that the natural father had not abandoned his children and, therefore, had not waived his consent to the adoption. In Fiscus v. Young, 243 Ala. 39, 8 So.2d 514 (1942), the court states:
“[A] party is estopped to make a defense or objection inconsistent with a position previously asserted by him, which position was successfully maintained.”
Since Tindall asserted in the adoption petitions that the natural father had abandoned his children, he cannot later claim that the father did not abandon the chil *232 dren in an attempt to annul the adoption decrees.
We perceive no need to discuss the issue raised in Tindall’s supplemental brief.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.