Plaintiff and defendant were claimant and counterclaimant to an insurance fund of $20,000 paid into court by interpleader insurance company. The fund was invested at interest as provided by Rule 67, Alabama Rules of Civil Procedure. The insurance company was allowed $2,000 as attorney fees from the fund and was dismissed. The claims of Freeman and Young were tried to a jury. The jury returned a verdict awarding Freeman the sum of $9,000 as the value of his interest in the insured property. Judgment was entered by the court awarding to Freeman from the deposit in court the sum of $9,000. The remainder of the deposit of insurance funds, together with all interest accrued, was awarded to Young. Post-trial motions of each party were denied and the clerk of the court was ordered to disburse from the funds deposited the sum of $9,000 to Freeman, *Page 110 
and to Young all of the remaining balance of insurance funds with all interest accrued thereon.
Defendant Freeman appeals, presenting only one issue: that the court erred in awarding all of the interest accrued on the deposited funds to Young.
Rule 67, A.R.Civ.P., provides in pertinent part as follows:
 "Where money is paid into court to abide the result of any legal proceeding, the judge may order it deposited at interest in a federally insured bank or savings loan association authorized to receive public funds, to the credit of the court in the action or proceeding in which the money was paid. The money so deposited plus any interest shall be paid only upon the check of the clerk of the court, annexed to its certified order for the payment, and in favor of the person to whom the order directs the payment to be made."
Rule 67 is supplementary to Rule 22(b), A.R.Civ.P., and provided for the first time in this state authorization for the investment of funds deposited in court by an interpleader to earn interest during the pendency of claims against the fund. It appears there has been no previous case before our appellate courts which determined how the accrued interest on a deposit is to be distributed when the deposit is divided between two or more claimants after judgment. As Rule 22, A.R.Civ.P., had its origin in Equity Rule 36, Code of Alabama 1940, it follows that that rule and Rule 67 are to be viewed in light of principles of equity. Harden v. Barbaree, 238 Ala. 519, 192 So. 268
(1939); Greene v. Rolston, 226 Ala. 446, 147 So. 628 (1933).
We are not without guidance from other jurisdictions. We consider it fitting to adopt the following statement from the case of Webb's Fabulous Pharmacies, Inc. v. Beckwith,449 U.S. 155, 101 S.Ct. 446, 66 L.Ed.2d 358 (1980):
 "The usual and general rule is that any interest on an interpleaded and deposited fund follows the principal and is to be allocated to those who are ultimately to be the owners of that principal."
449 U.S. at 162, 101 S.Ct. at 451 (citations omitted). The Court further said: "The earnings of a fund are incidents of ownership of the fund itself and are property just as the fund itself is property." 449 U.S. at 164, 101 S.Ct. at 452.
After disbursing from the original deposit of $20,000 the sum of $2,000 awarded as attorney fees to counsel for the interpleader, there remained $18,000 to be considered by the jury. The jury found that defendant was entitled to $9,000, or one-half of the remainder. We find it only equitable that defendant receive in addition thereto one-half of the interest earned by the deposit since it was invested. The trial court erred in not adding such interest to the verdict of the jury in its final judgment. We do not consider it necessary in this case that a new trial be granted. It was not for the jury to include such interest in its verdict, but was the authority of the judge to direct such payment to each party after the jury determined the amount of ownership of each in the fund. It is a matter of calculation for the trial court.
The case cited and relied upon by the plaintiff-appellee is not appropriate to the facts of this case. That case, Segal v.Gilbert Color Systems, Inc., 746 F.2d 78 (1st Cir. 1984), related to whether a party was entitled to recover as damages an award of prejudgment interest under a federal statute. The appeals court said it did not matter whether the statute authorized such an award by the jury; it had not been requested, thus it could not later be raised. This case has nothing to do with an award of prejudgment interest. The interest in this case was earned by Freeman's share of the fund as found by the jury. It merely remains for the judge, as provided by Rule 67, to order it paid to each claimant according to his interest.
The trial court is directed to alter or amend the final judgment to so order.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section12-18-10(e), Code 1975, and this *Page 111 
opinion is hereby adopted as that of the court.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.
All the Judges concur.