ROBERTSON, Judge.
This is an interpleader case.
First of Georgia Insurance Company (the company) issued an automobile insurance policy to Sara B. Wilfong. The policy had a liability limit of $100,000 per accident. On June 12, 1987 Wilfong was killed in an automobile accident. Elma Lee was a passenger in the vehicle which Wilfong was driving. Charles and Sherry Riggle were in the other vehicle involved in the accident. Lee and both of the Riggles sustained injuries in the accident. DCH Regional Medical Center (DCH) provided emergency medical treatment to Lee and to the Rig-gles.
On October 21, 1987 the company filed a bill of interpleader, naming Lee, the Rig-gles, and DCH as defendants. The company averred that each of the defendants had presented claims arising out of the accident and that it was in doubt as to how much to pay each defendant. In its bill of inter-pleader, the company agreed to “deposit the limits of [Wilfong’s] liability insurance” into the court “upon the court’s taking jurisdiction over this matter.”
Each of the defendants filed answer to the bill of interpleader, claiming a portion of the funds available. The trial court scheduled a preliminary hearing for May 10, 1988. The company had notice of this hearing but failed to appear because it believed the matter scheduled for the hearing was moot. Each of the defendants was represented at the hearing. At the hearing the defendants, with the aid of the court, arrived at a settlement. The court entered an order reflecting the settlement on May 19, 1988. On that date the defendants learned, apparently for the first time, that the company had not yet deposited the $100,000 stake with the court.
The court ordered the company to pay the stake into the court on May 24, 1988. In that same order the court directed the company to pay $4,287.98 in interest, representing the amount of interest which would have accrued had the stake been deposited in an interest-bearing account on “the date the court took jurisdiction of this matter.” The court further stated that the portion of the order regarding interest would be suspended upon proper objection by the company.
The company objected on May 25, 1988, thereby suspending the interest award. The court held a hearing on the matter on June 1, 1988. At the hearing the company also objected to the court’s failure to completely discharge the company from further liability in relation to the accident. The court rejected the company’s arguments and reinstated its prior order. The company appeals.
The company first contends that the court erred in awarding interest because “prejudgment interest” should be awarded only when the amount due is certain or capable of being made certain. Richards v. General Motors Corp., 461 So.2d 825 (Ala.Civ.App.1984); Wood v. Central Bank, 435 So.2d 1287 (Ala.Civ.App.1982); § 8-8-8, Code 1975. The company reasons that, since the amounts of the tort claims involved here were not certain, no prejudgment interest should have been awarded. We disagree.
In Freeman v. Young, 507 So.2d 109 (Ala.Civ.App.1987), this court held that interest earned on a claimant’s share of an interpleader fund is not “prejudgment interest.” Instead, it is an incident of owner *768 ship of the fund itself. Freeman, supra. The court never stated that it was awarding prejudgment interest. The court assessed interest from the date the company-filed the bill of interpleader, not from the date the claim accrued. The order was predicated not on any notion of prejudgment interest, but on the company’s assertion in the bill of interpleader that it would deposit the stake with the court on the date the court took jurisdiction over the matter. The court specifically stated that interest was to be paid from the date the court assumed jurisdiction.
Interpleader had its origins in equity and must be viewed in light of the principles of equity. Freeman, supra. The court apparently based its award of interest on the equitable notion that a party ought to do that which it promises it will do. Wadsworth v. Hannah, 431 So.2d 1186 (Ala.1983). Obviously, had the claimants known that the company had not yet paid the stake into the court, they would have demanded that it do so. Rule 67, Alabama Rules of Civil Procedure, provides that in an action in which part of the relief sought is a sum of money, a party may deposit all or any part of that sum with the court. The court may then order this money deposited in an interest-bearing account. Once the company pledged to deposit the stake with the court and disavowed any rights in the stake, the interest earned thereon became the property of the claimants.
The company also argues that the court should not have awarded interest because the company had made an unconditional tender of the stake upon filing the bill of interpleader. A properly filed bill of interpleader, together with the payment of the stake into the court, or a proper offer to do so, stops the running of interest. Hughes v. First National Bank, 270 Ala. 323, 118 So.2d 763 (1960). Here, however, the company did not make an unconditional tender of payment. Instead, it offered to deposit the stake upon the occurrence of a condition, i.e., the court taking jurisdiction. Yet, when that condition occurred, it failed to deposit the stake. If the stake is not paid into the court at the “proper time,” the court may charge the stakeholder interest up to the rendition of the final decree. Hughes, supra. The court herein determined that the “proper time” to deposit the stake was the date the court assumed jurisdiction, October 21, 1987.
The company attempts to counter this argument by contending that the court’s jurisdiction was in question until June 1, 1988, because three of the defendants were not residents of Alabama. It asserts that an Alabama court could not take jurisdiction over the case until these nonresident defendants voluntarily submitted thereto. We note that all the nonresident defendants had filed answer, thereby voluntarily submitting themselves to the jurisdiction of the court, by March 29, 1988. However, we deem it unnecessary to determine whether the court could have assumed mandatory jurisdiction over the nonresident defendants. The company itself voluntarily submitted to the court’s jurisdiction. By filing the bill of inter-pleader in Alabama, the company asserted its belief that Alabama had jurisdiction over the case. It cannot now assert the contrary position. A party who has, with knowledge of the facts, assumed a particular position in a judicial proceeding is es-topped from assuming a position inconsistent with the first one to the prejudice of the adverse party. Russell v. Russell, 404 So.2d 662 (Ala.1981); Hughes v. Hughes, 500 So.2d 1140 (Ala.Civ.App.1986). The trial court did not err in determining that it assumed jurisdiction on October 21, 1987, nor in assessing interest from that date to the date the $100,000 was paid into the court.
Finally, the company argues that the court erred by failing to fully discharge the company from further liability in connection with the accident. The court’s order stated that acceptance of the judgment did not “constitute a general release of claims.” However, the court made clear that its judgment relieved the company from further liability for the $100,000 liability coverage under the policy.
The claimants were apparently concerned that the company might be liable *769 under the uninsured motorist clause of the policy or perhaps some other, as yet undiscovered policy. Therefore, the court refused to discharge the company from all liability. Although there is no evidence of further liability on the part of the company, the court apparently did not err in failing to completely discharge the company. Claims of independent liability will not prevent the protection of the stakeholder against further claims to the fund. Dick v. First National Bank, 334 So.2d 922 (Ala.Civ.App.1976). In addition, a trial court need not discharge the stakeholder from all further liability in order to sustain an inter-pleader action. Dick, supra. The judgment herein prevents double recovery under the liability clause of this insurance policy. That is the primary purpose of this interpleader action.
The trial court did not err in awarding interest on the $100,000 fund nor in failing to completely discharge the company from liability. Therefore, its decision is due to be affirmed.
AFFIRMED.
HOLMES, P.J., and INGRAM, J., concur.