901 P.2d 1192

**CANAL INSURANCE COMPANY, a corporation; Olympic Express Inc., a corporation; Jerry Ritz and Jane Doe Ritz, husband and wife; George Sparks and Jane Doe Sparks, husband and wife, Plaintiffs–Appellees,**

v.

**Burton PIZER and Jane Doe Pizer, husband and wife, Defendants–Appellants.**

No. 1 CA–CV 93–0359.

Court of Appeals of Arizona, Division 1, Department D.

Feb. 16, 1995.

Review Denied Sept. 12, 1995.

Mangum, Wall, Stoops & Warden, P.L.L.C. by Daniel J. Stoops, Flagstaff, for plaintiffs-appellees.

Begam, Lewis, Marks, Wolfe & Dasse, P.A. by Elliot G. Wolfe, Phoenix, for defendants–appellants.

## OPINION

GERBER, Presiding Judge.

In this appeal from an interpleader action, we consider whether the interpled funds were liquidated so that the claimants could receive prejudgment interest from the date of filing the interpleader action. We also consider whether claimants were entitled to interest on the funds on the basis of an ownership interest in the monies or on equitable grounds. We conclude that the insurer is not liable to pay prejudgment interest on the interpled funds for either reason and thus affirm the trial court.

## FACTS AND PROCEDURAL HISTORY

On April 28, 1991, Jerry Ritz (Ritz) and his co-driver, George Sparks (Sparks), were operating a tractor-trailer for their employer, Olympic Express, Inc., on Interstate 40 near Flagstaff. The tractor-trailer left the eastbound lane, crossed the median and collided with westbound vehicles, killing two persons, including the daughter of appellants Pizer. At least seven other persons were injured.

Olympic Express was insured by a policy issued by appellee Canal Insurance Company (Canal). The policy had a liability limit of $1,000,000. After property damage claims were paid, a fund of insurance proceeds of approximately $978,000.00 remained.

In July, 1992, Canal filed an action for interpleader. It named as defendants the persons who had filed claims for injuries and losses resulting from the accident. Canal alleged that the multiple claims exceeded the policy limit and that it could not determine which claims and which amounts it should pay. Stating that it stood "willing to pay into this Court, or to individual defendants, upon appropriate Order of the Court" the remaining policy proceeds, Canal asked that the defendants or the court determine the amounts to be paid on the claims. Canal did not deposit the funds with the court at that time.

The defendants submitted their claims to an arbitrator in October, 1992. Once the arbitrator entered his award allocating the insurance proceeds, the defendants petitioned the trial court to distribute them. They also asked the court to determine that the entire policy limits became a liquidated sum on May 29, 1991, and to award them prejudgment interest at the rate of 10% from that date. The defendants argued that only Canal, and not Olympic Express, Ritz or Sparks, should be released from the claims of the defendants.

Canal and its insureds objected to the petition on two grounds. They argued that Olympic Express, Ritz and Sparks as well as Canal should be released and that the claimants were not entitled to prejudgment interest. As to the interest issue, they asserted that the amount due was not liquidated prior to judgment and that because Canal had not unreasonably delayed investigating the claims and filing the interpleader action, there were no equitable grounds for an award of prejudgment interest.

On January 6, 1993, Canal deposited the interpled funds with the clerk of the superior court.

The trial court thereafter ruled that only Canal would be discharged from further liability for the defendants' claims. It found that the claims had not been liquidated prior to judgment and thus the claimants were not entitled to prejudgment interest. Subsequently the court discharged Canal from all further liability regarding the subject accident, distributing the $977,338.79 fund interpled by Canal per the arbitrator's award,[1] allocating each defendant's pro rata share of interest earned since the date of deposit of the interpled funds and denying the request for other prejudgment interest.

Defendants Pizer appealed from the portion of the judgment that denied prejudgment interest. The other defendants have not appealed.

## DISCUSSION

### A. Issues

On appeal, the Pizers raise two issues:

1. When an insurer files an action to interplead a sum certain collectively owed to multiple claimants whose individual shares have not yet been determined, is the interpled amount liquidated so that the claimants are entitled to prejudgment interest?

2. When an insurer files an interpleader action so that the court can distribute a sum certain among various claimants to whom the insurer acknowledges the funds are owed, do the claimants have ownership rights in those funds entitling them to interest from the date the interpleader action was filed until the funds are paid into the court?

### B. Was the Claim Liquidated Upon Filing of the Interpleader?

The Pizers note that when Canal filed its interpleader action it conceded that the proceeds from the policy limits were owed to the defendants. They thus argue that the interpled amount was a sum certain on which the defendant claimants were entitled to prejudgment interest.

Canal responds that until the arbitrator decided the matter and judgment was entered accordingly, none of the claimants could agree on a defined amount of pecuniary loss. In its view, no sum certain existed that Canal could pay to any of the claimants when it filed its interpleader action.

In Arizona, prejudgment interest on a liquidated claim is a matter of right, not discretion. *Employers Mut. Cas. Co. v. McKeon*, 170 Ariz. 75, 78, 821 P.2d 766, 769 (App.1991). A claim is liquidated if the evidence makes it possible to calculate the amount with exactness, without reliance on opinion or discretion. *Matter of Estate of Miles*, 172 Ariz. 442, 445, 837 P.2d 1177, 1180 (App.1992). Because non-economic tort damages are not subject to exact computation, such damages are not liquidated until a trier of fact determines the amount to be awarded. *Duncan v. State*, 157 Ariz. 56, 63, 754 P.2d 1160, 1167 (App.1988). Interest on unliquidated claims normally does not begin to run until rendition of judgment. *Schwartz v.*

1. The amount awarded the Pizers before interest was $325,000.

*Schwerin,* 85 Ariz. 242, 250, 336 P.2d 144, 149 (1959); *Cockrill v. Cockrill,* 139 Ariz. 72, 75, 676 P.2d 1130, 1133 (App.1983).

■ The Pizers base their claim to prejudgment interest on the notion that the amount of Canal's policy limit involved in the interpleader was a sum certain. We disagree. The law allowing prejudgment interest requires that the *claim* must be liquidated. It does not provide that if the fund is known to contain a set amount, the claimants are thereby entitled to prejudgment interest.

Here, the policy limits constituted an exact amount from which all claims could be paid. Canal believed and the court agreed that the insurance proceeds would be exhausted by the defendants' claims. There may be some logic in the argument that the value of the combined claims could be computed with exactness once Canal acknowledged that the policy limits would be exhausted. As it ultimately turned out, the claims in fact did exhaust the policy limits. But this result might not occur in every interpleader action. A court could find in another case that the claims did not exhaust interpled policy limits, and in that instance the policy proceeds would not constitute a sum certain in terms of the amounts of the claims. Thus, until the value of each claim is determined, i.e., liquidated, it cannot be known with certainty whether the amount interpled equals the aggregated claims.

As noted above, the amount to be liquidated is not the amount from which claims can be paid but the amount of the individual claims themselves. At the time Canal initiated the interpleader action, the amount of the individual claims had not been computed and, in fact, could not be computed without relying upon opinion or discretion. Because we look to whether the individual claims are liquidated rather than to whether the underlying fund is a sum certain, the Pizers were not entitled to prejudgment interest on their claim until a judgment allocating the amount of their claim was entered.

### C. Were the Defendants Entitled to Interest Due to Their Ownership Rights in the Interpled Funds?

Even though their claim was unliquidated until entry of judgment, the Pizers alternatively advance the theory that they were entitled to interest from the time the funds were interpled due to their "ownership rights" in the funds. They argue that once Canal filed the interpleader action, true ownership of the funds passed to the claimants. In their view, they were entitled to interest from the time Canal filed the interpleader action. Any other ruling, they claim, would unjustly enrich Canal by allowing it to enjoy accumulating interest on money that belonged to them.

■ The Pizers' question is one of first impression in Arizona. Other jurisdictions considering the question generally note that interpleader is an equitable action controlled by equitable principles and thus the award of interest in an interpleader action depends upon equitable considerations. *See, e.g., Gelfgren v. Republic Nat'l Life Ins. Co.,* 680 F.2d 79, 82 (9th Cir.1982); *Bauer v. Uniroyal Tire Co.,* 630 F.2d 1287, 1290 (8th Cir. 1980); *Powers v. Metropolitan Life Ins. Co.,* 439 F.2d 605, 609 (D.C.Cir.1971). Generally in Arizona prejudgment interest is not allowed on unliquidated claims. *Arizona Feeds v. Southern Pac. Transp. Co.,* 21 Ariz. App. 346, 355, 519 P.2d 199, 208 (1974). However, here the Pizers seek interest based on ownership or equitable principles independently of the liquidation issue.

■ Generally, where there is a dispute among claimants and the insurance company is a mere stakeholder, the insurer is not liable for interest on the fund during the time it is on deposit with the court. *Powers,* 439 F.2d at 608, *citing* 45 Am.Jur.2d *Interpleader* § 40 (1969). Unreasonable delay or failure by a stakeholder to deposit the funds in court may subject it to liability for interest. *Id.* Whether interest should be awarded for unreasonable delay is discretionary with the trial court. *See Gelfgren,* 680 F.2d at 82.

■ The stakeholder is not liable for interest if it properly files an interpleader action together with either payment of the stake into the court or with an unconditional offer to deposit the funds in court. *Bauer,* 630 F.2d at 1291–92; *Phillips Petroleum Co. v. Adams,* 513 F.2d 355, 370 (5th Cir.1975); *Niedermeyer, Inc. v. Fehl,* 153 Or. 656, 57

P.2d 1086 (1936); *see also* 48 C.J.S. *Interpleader* § 49 (1981). Such an unconditional offer effectively deprives the stakeholder of dominion over the fund and extinguishes any obligation to pay interest on it. *Bauer,* 630 F.2d at 1291; *Phillips Petroleum,* 513 F.2d at 370.

Arizona Rule 22(a) of the Rules of Civil Procedure provides that a stakeholder may file an action in which persons having claims against the stakeholder are named as defendants who must in turn interplead their specific claims. Rule 22(b) then provides:

> Any party invoking the interpleader, as provided by subdivision (a) of this Rule, may move the court for an order discharging him from liability to either party, and upon depositing in court the amount claimed, or by delivering the property to the party entitled thereto, or into court as the court may direct, he may be discharged.

Rule 22(b) was adopted in part from the California Code of Civil Procedure section 386. However, California's current interpleader provisions differ in an important way. Section 386(c) provides that any amount that a plaintiff-stakeholder admits to be payable may be deposited with the clerk of the court at the time the interpleader is filed without first obtaining an order of the court; any interest on the amount deposited ceases to accrue once it is deposited.

■ In contrast, Arizona's Rule 22(b) does not provide for deposit of the funds at the same time the interpleader is filed. Although we see nothing in the rule that would prevent the money from being deposited in the court when the interpleader action begins, our rule contemplates that the stakeholder need not ordinarily deposit the funds in court until the court enters an order discharging it from liability.

■ Under this view of our rule, Canal was not required to deposit the policy proceeds in the court when it first filed the interpleader. The defendants could have applied to the trial court for an order directing Canal to deposit the funds in court and then argue to the trial court their entitlement to the interest accruing during that time. However, they did not do so, and we therefore lack the benefit of a trial court order on the matter. *See* 45 Am.Jur.2d *Interpleader,* § 40 (1969) (where interpleading stakeholder makes tender of disputed fund and disputing claimants do not avail themselves of the tender, stakeholder is not chargeable with interest during the interpleader period even though it retains possession of the funds).

The Pizers rely on *First of Georgia Ins. Co. v. Riggle,* 540 So.2d 766 (Ala.App.1989), to support their request for ownership-based interest. The situation in *Riggle,* however, differs from the case before us in an important respect. In *Riggle,* the insurance company filed a bill of interpleader in which it agreed to deposit the liability insurance policy limits into the court upon the court's taking jurisdiction over the matter. *Id.* at 767. However, the company did not deposit the funds until after a court hearing to settle the apportionment of funds some seven months after the company filed the interpleader. *Id.* The *Riggle* court held that the company did not make an unconditional tender of payment; instead, it offered to deposit the monies in the court when the court took jurisdiction. However, when that condition occurred on the day the interpleader was filed, the company failed to deposit the funds. Because the funds had not been paid into court at the proper time, the court charged the company with interest on the interpled funds. *Id.* at 767–68.

The *Riggle* scenario does not apply here. Even if Canal imposed a condition on the release of the funds when it represented that it would pay the money into the court or to the defendants upon order of the court, the condition of payment did not occur until the trial court entered judgment. Before the condition occurred, Canal had already deposited the funds in court. Therefore, under the *Riggle* analysis, Canal did not become liable to pay interest on the funds before it deposited them with the court.

Accordingly, we affirm the trial court's denial of the Pizers' request for an award of interest on the interpled funds.

CONTRERAS and VOSS, JJ., concur.