690 So.2d 1328 (1997)
VOLKSWAGEN OF AMERICA, INC., a corporation, Appellant, Cross-Appellee,
v.
Jerry T. SMITH, Appellee, Cross-Appellant, and
Frank Griffin Volkswagen, Inc., a corporation, Appellee.
No. 95-2284.
District Court of Appeal of Florida, First District.
March 10, 1997.
Rehearing Denied April 25, 1997.
*1329 W. Alan Winter, George K. Brew and Richard S. Shuster, Jacksonville, for Appellant, Cross-Appellee.
William H. Folsom, Jr., Jacksonville, for Appellee, Cross-Appellant, Jerry T. Smith.
J. Michael Lindell, Hayes & Lindell, Jacksonville, for Appellee, Frank Griffin Volkswagen Inc.
PADOVANO, Judge.
In this appeal and cross appeal we have for review the trial court's assessment of prejudgment interest and several rulings on the subject of attorney's fees. The appellant, Volkswagen of America Inc., argues that prejudgment interest should have been suspended during the period of time that it was not a party to the case, and that the trial court should not have used a multiplier to enhance the award of attorney's fees. The appellee, Jerry T. Smith, contends in the cross appeal that the trial court erred in failing to award appellate attorney's fees, and that the court erred in dividing the fees for the trial proceedings between the two defendants in the trial court. We reverse the parts of the judgment challenged by the appeal and affirm those challenged in the cross appeal.
The controversy in this case began more than eight years ago when Jerry T. Smith purchased a new 1987 Volkswagen automobile from Frank Griffin Volkswagen Inc., in Jacksonville. Smith filed a multi-count complaint that included: (1) actions against Griffin under the Uniform Commercial Code for revocation of acceptance and under the Florida Deceptive and Unfair Trade Practices Act for damages, and (2) an action against Volkswagen of America for a violation of the Magnuson-Moss Federal Warranty Improvement Act. The jury returned a verdict against Griffin on the revocation of acceptance claim and against Volkswagen on the warranty claim and awarded Smith damages of $24,807.76 as to each defendant. The jury also awarded Smith damages of $3,771.34 on his deceptive trade claim against Griffin. On February 20, 1990, Smith elected to proceed against Griffin, and the trial court subsequently entered a final judgment on the verdict. The court awarded Smith all damages then due from Griffin according to the jury verdict and dismissed Volkswagen from the action.
*1330 There have been two prior appeals to this Court. The first involved only Smith and Griffin and resulted in a reversal of the judgment against Griffin on the revocation of acceptance claim. Frank Griffin Volkswagen Inc. v. Smith, 610 So.2d 597 (Fla. 1st DCA 1992). On June 7, 1993, following the reversal in that appeal, Smith attempted to make a new election of remedies to obtain a judgment against Volkswagen based on the original jury verdict. The trial court granted Volkswagen's motion to strike the election of remedies and entered an amended final judgment, again in favor of Volkswagen. The second appeal involved all three parties and it resulted in a decision reversing the second amended judgment. Smith v. Frank Griffin Volkswagen Inc., 645 So.2d 585 (Fla. 1st DCA 1995). In that opinion we held that the trial court erred in denying Smith an opportunity to make a new election of remedies following the reversal of the judgment in the first appeal.
On May 31, 1995, the trial court entered a third amended final judgment on the original jury verdict against Volkswagen. This was the first judgment against Volkswagen during the entire course of the proceedings. Among other matters concerning costs and fees, the trial court required Volkswagen to pay Smith $19,978.78 in prejudgment interest. The court's calculation includes interest on the $14,075.05 purchase price of the automobile from September 2, 1987, the date of delivery, until May 31, 1995, the date of the third amended judgment. This part of the award is $12,835.13. The calculation also includes interest on $10,732.31, the amount of the jury verdict in excess of the purchase price. This part of the award totals $7,143.65 and it was computed from September 21, 1989, the date of the verdict, until May 31, 1995, the date of the judgment.
We must decide on these facts whether the trial court erred in awarding prejudgment interest during the time between Smith's initial election to proceed only against Griffin and Smith's subsequent election to proceed only against Volkswagen. There is no precise answer in the Florida case law. We conclude, however, that the general principles in Argonaut Insurance Company v. May Plumbing Co., 474 So.2d 212 (Fla.1985), require a reversal of the judgment. The trial court erred in assessing prejudgment interest during the time that Volkswagen was not a party to the case.
As the supreme court explained in Argonaut, prejudgment interest is an element of damages. The court rejected the theory that prejudgment interest should be awarded as a penalty for the wrongful act of disputing a just claim. Instead, the court adopted the loss theory; that is, prejudgment interest is awarded to compensate a claimant fully by adding the damages incurred as a result of the delay in obtaining a judgment. Applying these principles in Argonaut, we conclude that the delay in obtaining the judgment against Volkswagen did not result in a compensable "loss" of interest. When Smith elected to proceed only against Griffin on February 20, 1990, the court entered a judgment in favor of Volkswagen. Smith's claim against Volkswagen was extinguished at that point, and it was not revived until June 7, 1993, when he elected to proceed against Volkswagen following the reversal of the judgment in Griffin's appeal. In the intervening period, Smith had no claim against Volkswagen. It follows that there was no compensable "loss" during that time and no legal reason to award prejudgment interest.
Smith argues that the trial judge correctly calculated prejudgment interest by including the entire period because prejudgment interest is a matter of right. This argument is supported only by the general statement in Argonaut that "when a verdict liquidates damages on a plaintiff's out-of-pocket, pecuniary losses, plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of that loss." Id. at 215. Nothing in the Argonaut opinion suggests, however, that the entitlement to prejudgment interest is absolute. Like other rights, the right to recover prejudgment interest can be waived. When Smith voluntarily dismissed Volkswagen by electing to proceed only against Griffin, he waived any right he might have had to assert a claim for prejudgment interest during the time that Volkswagen was not a party.
*1331 The Argonaut decision did not establish an inflexible rule that requires trial judges to assess prejudgment interest in every case regardless of the circumstances. Depending on the equities of a given case, an award of prejudgment interest may be a windfall to the plaintiff and an unfair burden on the defendant. For example, in Broward County v. Finlayson, 555 So.2d 1211 (Fla.1990), the Florida Supreme Court held that the plaintiffs could recover prejudgment interest on their actions against the county for overtime pay only from the date the claims were made and not from the earlier date the claims accrued. The court reasoned that although prejudgment interest is a matter of right, an award of interest for the entire period claimed by the plaintiffs would be unfair. Citing Flack v. Graham, 461 So.2d 82 (Fla.1984), and its quotation from Board of Commissioners v. United States, 308 U.S. 343, 60 S.Ct. 285, 84 L.Ed. 313 (1939), the court said in Finlayson: "`"[I]nterest is not recovered according to a rigid theory of compensation for money withheld, but is given in response to considerations of fairness. It is denied when its exaction would be inequitable"'". 555 So.2d at 1213. The court explained further that its previous opinion in Argonaut was not a retreat from the basic principle that prejudgment interest is subject to equitable considerations.
State courts in other jurisdictions have uniformly recognized that prejudgment interest should be suspended during periods of unreasonable delay caused by the plaintiff. Typical of these cases is the decision of the Superior Court of New Jersey in Espin v. Allergan Pharmaceutical, Inc., 127 N.J.Super. 496, 317 A.2d 779 (1973). In Espin, the trial judge placed the case on the inactive list when it became apparent that the plaintiff was unable or unwilling to proceed. The New Jersey Court Rules did not provide for the tolling of interest during a period of delay. Nevertheless, the appellate court held that the plaintiff was not entitled to prejudgment interest during the time the case had been on the inactive list. The court explained that equitable considerations demanded suspension of prejudgment interest during this delay by the plaintiff:
Since the rule is for the benefit of plaintiffs it is only fair and equitable that where a plaintiff is unable or unwilling to proceed with his case, the court may exercise its inherent power to suspend the running of such interest where defendant is not at fault ... Application of the prejudgment interest rule in its literal form would neither promote fairness in administration nor prevent an injustice under the circumstances.
Id. at 780. Other state court decisions on this point include Colonial Imports v. Carlton Northwest, Inc., 83 Wash.App. 229, 921 P.2d 575 (1996) (affirming the suspension of prejudgment interest during a period of delay attributable to the plaintiff), Getty Oil Co. v. Catalytic, Inc., 509 A.2d 1123 (Del.Super.Ct.1986) (holding that the plaintiff unreasonably delayed the prosecution for two years and deducting the interest for that period from the total interest due the plaintiff), and Pierce v. Central Maine Power Co., 622 A.2d 80 (Me.1993)(recognizing that the presumption of entitlement to prejudgment interest can be overcome if the plaintiff delays the proceedings).
Likewise, the federal courts have consistently expressed the view that the right to recover prejudgment interest can be waived. As early as 1884, in Redfield v. Ystalyfera Iron Co., 110 U.S. 174, 176, 3 S.Ct. 570, 571-72, 28 L.Ed. 109 (1884), the United States Supreme Court disallowed prejudgment interest on a claim because the claimant had unreasonably delayed prosecution. The Court held that it was unfair to award prejudgment interest during a period in which the action had been abated. The issue was addressed again in General Motors Corp. v. Devex Corp., 461 U.S. 648, 103 S.Ct. 2058, 76 L.Ed.2d 211 (1983), where the court acknowledged that it would be proper to reduce or even deny prejudgment interest if there has been an undue delay in the prosecution of a lawsuit.
On a related matter, courts in other jurisdictions have also held that it is proper to suspend prejudgment interest during litigation to determine whether a defendant who acknowledges liability must pay one plaintiff or another. For example, in Gulf Oil Co. v. *1332 Olivier, 412 F.2d 938 (5th Cir.1969), the United States Court of Appeals for the 5th Circuit disallowed prejudgment interest on an award of damages while an interpleader action was pending. Because the defendant correctly withheld payment pending the outcome of the interpleader action, the court reasoned that prejudgment interest should not be due. This holding is consistent with the majority view that a defendant should not be required to pay prejudgment interest during a period of time in which payment has been tendered and the court is settling the claims of competing plaintiffs. See, e.g., Bauer v. Uniroyal Tire Co., 630 F.2d 1287 (8th Cir.1980); Phillips Petroleum Co. v. Adams, 513 F.2d 355 (5th Cir.1975); Canal Ins. Co. v. Pizer, 183 Ariz. 162, 901 P.2d 1192 (1995).
Based on these decisions and the general principles set out in Argonaut and Finlayson, we conclude that prejudgment interest should have been suspended during the period in which Volkswagen had been removed as a party to the case. Consequently the award of prejudgment interest must be recalculated to delete the period of time between the date Smith elected to proceed against Griffin, and the date Smith elected to proceed against Volkswagen. We do not suggest that prejudgment interest should be suspended merely as a result of a delay attributable to the claimant. Some delays will occur in every case. The decision in this case, however, turns on the fact that Volkswagen was dismissed and then joined again in the case.
The remaining issues in the appeal and cross appeal require little discussion. The trial judge applied a multiplier to enhance the attorney's fees awarded to Smith under the Magnuson-Moss Warranty Act claim. Smith concedes that this was improper because the statute creating the entitlement to an award of attorney's fees is a fee-shifting statute. As the court held in City of Burlington v. Dague, 505 U.S. 557, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992), it is improper to apply a multiplier to enhance an attorney's fee if entitlement to fees is based on a fee-shifting statute. The argument in the cross appeal that the trial judge should have awarded appellate attorney's fees for the prior appeal is without merit. Entitlement to appellate attorney's fees is determined in the appellate court, not the trial court. Finally, we reject the argument in the cross appeal that the trial judge erred in dividing the assessment of fees between Volkswagen and Griffin for services rendered to Smith after the first appeal. We find no abuse of discretion as to the amount or the apportionment of fees.
For these reasons, the judgment is reversed in part and affirmed in part and remanded for a recalculation of prejudgment interest and attorney's fees.
REVERSED in part AFFIRMED in part, and REMANDED.
WOLF and VAN NORTWICK, JJ., concur.