492 So.2d 796 (1986)
Jerry JANELLI, Appellant,
v.
Anthony PAGANO and Margaret Pagano, Husband and Wife, Appellees.
No. 85-2942.
District Court of Appeal of Florida, Second District.
August 8, 1986.
Jerry Jannelli, pro se and Peggy Burke BeVille of Edenfield & BeVille, Clearwater, for appellant.
Cynthia J. Pfeiffer of Law Offices of J. Patrick McElroy, Clearwater, for appellees.

ON MOTION TO DISMISS
PER CURIAM.
Notice of appeal was filed on December 20, 1985, from a final judgment filed November 29, 1983. Appellees move to dismiss the appeal as untimely. Appellant contends that because of two circumstances concerning the rendition of the final judgment, the time for appeal has been extended.
Appellant submits that the original order was under proper notice for rehearing. It is true that a timely and authorized motion for rehearing extends the rendition date of the judgment until ruled on and, thus, accordingly extends the appeal time. See Fla.R.App.P. 9.020(g). Here, however, the motion for rehearing was denied on August 21, 1984, and no notice of appeal was filed within thirty days of that date. Therefore, the disposition of the motion for rehearing does not make this appeal timely.
Appellant further contends that the final judgment was subsequently amended. The record shows that the first judgment of November 29, 1983, disposed of all issues in the complaint and counterclaim, including entitlement to attorney's fees, but reserved jurisdiction as to the amount of attorney's fees. On November 22, 1985, the trial judge entered an amended final judgment. The only change from the original final judgment was the designated amount of attorney's fees. A subsequent *797 attorney's fee order is a final order appealable as such apart from the final judgment. See Hubert v. Division of Administration, 425 So.2d 671 (Fla. 2d DCA 1983). Accordingly, where only attorney's fees are added in an amended judgment, an appeal from that judgment does not reach back to the original judgment but only brings the propriety of the attorney's fees up for review. See Travelers Indemnity Co. v. Hutchins, 489 So.2d 208 (Fla. 2d DCA 1986), and Grasland v. Taylor Woodrow Homes, Ltd., 460 So.2d 940 (Fla. 2d DCA 1984). Although the notice of appeal herein was filed within thirty days of the amended judgment, the appeal is not timely as appellant in his brief is raising issues which were determined by the original judgment and that judgment must have been appealed within thirty days of its rendition.
Accordingly, the motion is granted and this appeal is hereby dismissed.
CAMPBELL, A.C.J., and SCHOONOVER and HALL, JJ., concur.