539 So.2d 8 (1989)
James R. THOMAS and Judith A. Thomas, Husband and Wife, Appellants,
v.
Louis R. TOTH and Nora S. Toth, Appellees.
No. 88-526.
District Court of Appeal of Florida, Second District.
February 24, 1989.
Michael R.N. McDonnell of McDonnell Trial Lawyers, Naples, for appellants.
Vincent Murphy of Murphy Law Firm, Naples, for appellees.
RYDER, Acting Chief Judge.
James and Judith Thomas appeal a final judgment which awarded them damages and costs but denied their claim for prejudgment interest prior to the date of the filing of their complaint. We affirm the judgment, but remand to the trial court for *9 entry of an award of prejudgment interest to be calculated from the date of closing.
On July 18, 1985, appellants filed a complaint against appellees alleging that they suffered damages as a result of appellees' nondisclosure of material facts regarding the condition of real property appellants purchased from appellees on July 9, 1982. Subsequently, a jury returned a verdict for appellants. In the final judgment, the trial court awarded appellants prejudgment interest on the judgment, but ordered the interest to be calculated from the date appellants filed their complaint. Appellants argue that the trial court should have awarded the prejudgment interest to be calculated from the date of closing on the real property. We agree.
Under Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985), where a verdict liquidates damages as of a date certain on a plaintiff's out-of-pocket, pecuniary losses, the plaintiff is entitled to prejudgment interest from the date of loss. In this case, appellants suffered their loss when they paid for the property and title was transferred. Therefore, we reverse and remand with instructions to enter an amended final judgment awarding appellants prejudgment interest from the date of closing.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
LEHAN and PARKER, JJ., concur.