585 So.2d 1190 (1991)
CHARLES BUZBEE & SONS, INC., Appellant,
v.
Thomas A. FALKNER, Appellee.
Nos. 91-00060, 91-00293.
District Court of Appeal of Florida, Second District.
September 20, 1991.
*1191 Michael M. Ingram of Alley & Ingram, Tampa, for appellant.
Bonita L. Kneeland of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellee.
FRANK, Judge.
Buzbee & Sons, Inc., a large scale vegetable farming concern in Ruskin, Florida, sued Falkner, another farmer, for damages to part of Buzbee's tomato crop resulting from Falkner's spraying of the herbicide Roundup on his cucumber fields in the spring of 1987. Falkner sprayed when wind conditions caused the herbicide to drift onto Buzbee's crops; and the Roundup destroyed a large portion of the tomatoes on Buzbee's field. After a trial the jury awarded Buzbee damages in an amount exceeding $249,000.00. The trial court, however, denied Buzbee's motion for prejudgment interest and awarded interest only from the date of the verdict. That ruling was in error.
The trial court denied Buzbee's motion for prejudgment interest ostensibly on the ground that the date of loss could not be determined. The record reflects, however, that Buzbee's damages became liquidated at the moment when the packing house provided Buzbee with the end of season accounting report and distributed to him the net proceeds from the sale of the tomatoes. That date was July 30, 1987. In our view, the jury would have been at a loss to determine the amount of damages without reference to the difference between the proceeds distributed to Buzbee and the normal anticipated return, facts which became apparent on July 30, 1987. Other dates associated with Buzbee's demand for compensation are irrelevant. No Florida case has yet changed the essential aspect of Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985), that: "when a verdict liquidates damages on a plaintiff's out-of-pocket, pecuniary losses, plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of that loss." That date, in this instance, was July 30, 1987, when Buzbee realized in dollars the degree of loss he sustained as a result of the Roundup.
Accordingly, we reverse the order denying prejudgment interest and remand for further proceedings consistent with this opinion.
RYDER, A.C.J., and PARKER, J., concur.