WETHERELL, J.
 

 Capitol Environmental Services, Inc. (CES), appeals a final judgment awarding $630,399.74 to Earth Tech, Inc., for breach of contract. CES raises four issues on appeal: 1) whether the trial court erred in denying its motion for summary judgment on Earth Tech’s breach of contract claim; 2) whether the trial court erred in denying its motion for summary judgment on Earth Tech’s contractual indemnity claim; 3) whether the trial court erred in refusing to set the indemnity claim for trial; and 4) whether the trial court erred in allowing the jury to award attorney’s fees and costs incurred by Earth Tech in a related declaratory judgment action. Earth Tech cross-appeals, arguing that the trial court erred by not awarding prejudgment interest on all of the damages awarded by the jury. We find no error in the trial court’s rulings on the first three issues raised by CES, and affirm those issues without discussion. For the reasons that follow, we
 
 *595
 
 also affirm the fourth issue raised by CES and we reverse the issue raised by Earth Tech on cross-appeal.
 

 In June 2002, Earth Tech entered into a contract with the Florida Department of Environmental Protection to clean up a hazardous waste site at the St. Marks Refinery in Wakulla County. Earth Tech subcontracted with CES to provide for the transportation of waste from the refinery site to an off-site disposal location. CES in turn entered into a “subtier subcontract” with Freehold Cartage, Inc. (Freehold), to provide the necessary transportation services.
 

 The contract between CES and Earth Tech required CES to obtain insurance to protect Earth Tech from personal injury and other claims that may ai’ise out of the performance of the contract by CES and its subtier subcontractors. The contract specifically required that Earth Tech be named as an additional insured on the policies obtained by CES. Although CES provided Earth Tech a “Certificate of Liability Insurance” indicating that Earth Tech was an additional insured on the policies obtained by CES, it was undisputed that Earth Tech was not actually named as an additional insured on the commercial automobile liability policy obtained by CES from United States Fire Insurance Company (U.S. Fire).
 

 In May 2003, Annette Carey and her husband brought a negligence action (hereafter “the Carey lawsuit”) against Earth Tech, Freehold, and a Freehold employee for injuries Mrs. Carey suffered when her car collided with a Freehold tractor trailer that was backing into the refinery site. With respect to Earth Tech, the complaint alleged that one of its employees “negligently undertook to direct traffic” in order to allow the truck to back into the refinery site.
 

 Earth Tech tendered the defense of the Carey lawsuit to U.S. Fire. After U.S. Fire denied coverage, Earth Tech filed a declaratory judgment action in federal district court in Virginia seeking a declaration that U.S. Fire had a duty to defend and provide coverage for Earth Tech in the Carey lawsuit. On January 4, 2006, the federal district court granted summary judgment in favor of U.S. Fire, finding that Earth Tech was not a named insured under the policy and that U.S. Fire was not otherwise obligated by the terms of the policy to defend or indemnify Earth Tech for the Carey lawsuit.
 
 See Earth Tech. Inc. v. U.S. Fire Ins. Co.,
 
 407 F.Supp.2d 763 (E.D.Va.2006).
 

 On May 9, 2006, Earth Tech and Freehold settled the Carey lawsuit for $500,000, with each paying half. The settlement did not end the case, however, because Earth Tech had filed a third-party complaint against CES alleging, among other things, breach of contract and contractual indemnity claims.
 

 The trial court granted summary judgment in favor of Earth Tech on the breach of contract claim, finding that it was undisputed that Earth Tech was not a named insured on the U.S. Fire insurance policy as required by the contract between Earth Tech and CES. The trial court denied CES’s motion for summary judgment on the breach of contract claim, as well as its motion for summary judgment on the contractual indemnity claim, finding that there were disputed issues of material fact related to the indemnity claim. Thereafter, the trial court severed the two counts and set the breach of contract claim for a jury trial on causation and damages.
 

 The trial court instructed the jury that it had determined as a matter of law that CES breached its contract with Earth Tech and that the only issues for the jury to determine were whether CES’s failure to add Earth Tech as an additional insured to its insurance policy caused Earth Tech
 
 *596
 
 to sustain damages, and if so, the amount of the damages sustained. The jury returned a verdict in favor of Earth Tech, specifically finding that the breach of contract by CES was a legal cause of damage to Earth Tech. The jury further found that the amount of damages sustained by Earth Tech with respect to the Carey lawsuit was $554,000, and that the amount of damages sustained by Earth Tech with respect to the declaratory judgment action against U.S. Fire was $31,525.
 

 The trial court entered a final judgment in favor of Earth Tech in the amount of $630,399.74, which is comprised of the damages awarded by the jury and prejudgment interest from May 9, 2006, on the $250,000 settlement payment in the Carey lawsuit. The trial court denied Earth Tech’s motion for prejudgment interest on the remainder of the damages awarded by the jury, which were comprised of the attorney’s fees and costs incurred in defending the Carey lawsuit and the attorney’s fees and costs incurred in the declaratory judgment action.
 

 On appeal, CES does not challenge the attorney’s fees and costs included as part of the damages awarded to Earth Tech with respect to the Carey lawsuit. CES only challenges the award of the attorney’s fees and costs incurred by Earth Tech with respect to the declaratory judgment action, arguing that those fees and costs are not causally related to the breach of contract by CES.
 

 It is well-settled that the injured party in a breach of contract action is entitled to recover monetary damages that will put it in the same position it would have been had the other party not breached the contract.
 
 See, e.g., Fla. E. Coast Ry. Co. v. Beaver Street Fisheries, Inc.,
 
 537 So.2d 1065, 1068 (Fla. 1st DCA 1989). The injured party is entitled to recover all damages that are causally related to the breach so long as the damages were reasonably foreseeable at the time the parties entered into the contract.
 
 Id.
 
 (citing
 
 Hadley v. Baxendale,
 
 9 Ex. 341, 156 Eng. Rep. 145 (1854));
 
 see also, Mnemonics, Inc. v. Max Davis Assocs., Inc., 808
 
 So.2d 1278, 1279 (Fla. 5th DCA 2002) (“Damages recoverable by a party injured by a breach of contract are those that naturally flow from the breach and can reasonably be said to have been contemplated by the parties at the time the contract was entered into.”). Damages are foreseeable if they are the “proximate and
 
 usual consequence
 
 ” of the breaching party’s act.
 
 Fla. E. Coast Ry. Co.,
 
 537 So.2d at 1068 (emphasis in original.) It is not necessary that the parties have contemplated the exact injury which occurred as long as the actual consequences “could have been reasonably expected to flow from the breach.”
 
 Mnemonics, Inc.,
 
 808 So.2d at 1281.
 
 See also Hobbley v. Sears, Roebuck & Co.,
 
 450 So.2d 332 (Fla. 1st DCA 1984) (holding that non-breaching party could recover for physical discomfort due to failure to install furnace as required by contract where such damages arose “naturally from the breach” and were a “probable result” of the breach).
 

 We agree with Earth Tech that all of the damages awarded by the jury were causally related to and a reasonably foreseeable consequence of the breach of contract by CES. With respect to the attorney’s fees and costs incurred in the declaratory judgment action, the record establishes that but for the breach by CES, Earth Tech would not have been required to pursue the declaratory judgment action in an effort to obtain the coverage that should have been provided under the contract. Moreover, because the declaratory judgment action filed by Earth Tech is a common response to an insurance carrier’s refusal to provide coverage,
 
 see Earth Tech,
 
 407 F.Supp.2d at 768, the action (and the resulting attorney’s fees and costs) could have been
 
 *597
 
 reasonably expected to flow from the breach. The fact that the declaratory judgment action was unsuccessful does not preclude recovery of the related fees and costs.
 
 See
 
 Restatement (Second) of Contracts § 347, comment c (explaining that incidental damages that are recoverable in a breach of contract action include “costs incurred in a reasonable effort, whether successful or not, to avoid loss”). Accordingly, the trial court did not err in allowing the jury to award Earth Tech the attorney’s fees and costs that it incurred with respect to the declaratory judgment action.
 

 Turning to the issue on cross-appeal, it is well-settled that prejudgment interest is due as a matter of law when a verdict liquidates the pecuniary losses suffered by the plaintiff.
 
 Argonaut Ins. Co. v. May Plumbing Co.,
 
 474 So.2d 212, 215 (Fla.1985). The purpose of the award of prejudgment interest is to make the plaintiff whole from the date of the loss once the jury determines the defendant’s liability for damages and their amount.
 
 Id.
 
 Once the jury sets the amount of damages to be awarded, the damages are retroactively considered liquidated damages, and the plaintiff is entitled to prejudgment interest back to the date that the damages were due.
 
 Id.; see also H & S Corp. v. U.S. Fidelity & Guar., Co.,
 
 667 So.2d 393, 399 (Fla. 1st DCA 1995) (“A claim may become liquidated ... and thus susceptible of prejudgment interest, when a verdict has the effect of fixing damages as of a prior date.”).
 

 We agree with Earth Tech that the trial court should have awarded prejudgment interest on the entire jury verdict, including the portions attributable to the attorney’s fees and costs incurred in the Carey lawsuit and the declaratory judgment action. Where, as here, attorney’s fees and costs are awarded as an element of damages, prejudgment interest is to be awarded.
 
 See Butler v. Yusem,
 
 3 So.3d 1185, 1186-87 (Fla.2009) (distinguishing between fees awarded pursuant to a prevailing party provision and fees awarded as an element of damages, and explaining that prejudgment interest should be awarded on the latter type of fees because the amount and entitlement to those fees were fixed upon payment).
 

 Damages can become fixed on different dates for purposes of an award of prejudgment interest.
 
 See Underwriters Ins. Co. v. Kirkland,
 
 490 So.2d 149, 153-54 (Fla. 1st DCA 1986). Here, the damages incurred by Earth Tech related to the declaratory judgment action became fixed on January 4, 2006, when that matter concluded and the federal district court determined that Earth Tech was not covered by the U.S. Fire policy as required by the contract between Earth Tech and CES; and, the damages related to the Carey lawsuit became fixed on May 9, 2006, when Earth Tech settled that case. Those are the dates that should be used for purposes of calculating prejudgment interest.
 

 For the foregoing reasons, we affirm the final judgment in all respects, except for the trial court’s failure to award prejudgment interest on all of the damages awarded by the jury. We remand this case to the trial court for the entry of an amended final judgment that includes prejudgment interest from January 4, 2006, on the damages awarded by the jury with respect to the declaratory judgment action, and from May 9, 2006, for all of the damages awarded by the jury with respect to the Carey lawsuit.
 

 AFFIRMED in part; REVERSED in part; REMANDED with directions.
 

 HAWKES, C.J., and WOLF, J., concur.