NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

THE LEILA CORPORATION OF ST. )
PETE, a Florida corporation; SUSAN J. )
AGIA, individually and as trustee of the )
Susan J. Agia Living Trust; and )
DR. RAYMOND AGIA, )
    )
    Appellants, )
    )
v. )    Case No. 2D15-3279
    )
FAREED OSSI; OSSI CONSULTING )
ENGINEERS, INC., a Florida corporation; )
and OSSI CONSTRUCTION, INC., a )
Florida corporation, )
    )
    Appellees. )
    )

Opinion filed July 21, 2017.

Appeal from the Circuit Court for
Hillsborough County; James M. Barton II,
Judge.

Arnold D. Levine and Robert H.
MacKenzie of Levine & Sullivan, P.A.,
Tampa, for Appellants.

Stuart Jay Levine and Heather A.
DeGrave of Walters, Levine, Klingensmith
& Thomison, P.A., Tampa, for Appellees.


ROTHSTEIN-YOUAKIM, Judge.

        The Leila Corporation of St. Pete (Leila Corp), Susan J. Agia, individually

and in her capacity as trustee of the Susan J. Agia Living Trust (the Trust), and Dr.

Raymond Agia (collectively, the Defendants) appeal from a final judgment in favor of Fareed Ossi, Ossi Consulting Engineers, Inc. (O.C.E.), and Ossi Construction, Inc. (collectively, the Plaintiffs). The Defendants failed to timely appeal with respect to matters included in the original final judgment, which they challenge in Issues I, II, III, VI, and VII of their brief on appeal. Therefore, with respect to those issues, we dismiss the appeal for lack of jurisdiction. The Defendants timely appealed, however, with respect to the award of prejudgment interest included in the amended final judgment, which they challenge in Issues IV and V. With respect to those issues, we affirm the determination of entitlement to prejudgment interest but reverse as to the amount.

## FACTUAL HISTORY

The seeds of the dispute underlying this appeal were sown in 1993, when Dr. Agia transferred an undeveloped piece of property to the Trust and began planning with Ossi and Ossi's company, O.C.E., to construct a condominium on it. Dr. Agia and Ossi did not enter into a written contract for Ossi's services.

In 2005, Mrs. Agia and Ossi created Leila Corp.[1] Mrs. Agia held a seventy-five percent interest in Leila Corp, and Ossi held the remaining twenty-five percent. The Trust sold the property to Leila Corp for $5,850,000. Leila Corp funded the purchase, in part, via a promissory note in favor of the Trust in the amount of $2,850,000; the remainder was financed by a bank loan that Ossi personally guaranteed. Leila Corp then entered into an oral contract with Ossi Construction

---

[1]Having transferred the property to the Trust, Dr. Agia no longer had any legal interest in it; nor does he have any position with or legal interest in Leila Corp. Nonetheless, Dr. Agia is named as a defendant and counter-plaintiff in the pleadings, participated in all of the proceedings in this case, and is named in the final judgment. Neither party addresses this apparent incongruity in this appeal.

(owned by Ossi's son, Robert) for the construction of the condominium. During construction, additional capital contributions were deemed necessary. Ossi could not come up with his proportionate share, so Mrs. Agia paid both her share and Ossi's share.

When construction was complete, Dr. and Mrs. Agia purchased one unit in the condominium for fair market value. Then the bottom fell out of the real estate market. Prospective buyers were unwilling to pay the asking price for the units, and the parties began to squabble.

In 2009, Ossi and O.C.E. filed a complaint in Hillsborough County against Leila Corp, Mrs. Agia, individually and in her capacity as trustee of the Trust, and Dr. Agia; the Defendants filed an answer and affirmative defenses and a counterclaim. Meanwhile, a separate foreclosure action with multiple attendant cross-claims had been filed in Pinellas County. By agreement of the parties, Ossi Construction's cross-claim against Leila Corp and Leila Corp's cross-claims against Ossi Construction were severed, transferred to Hillsborough County, and subsumed within this suit.[2] A nonjury trial was held on all claims in July 2012. The trial court denied everyone's claims based on unclean hands, and everyone appealed. This court reversed. See Leila Corp. of St. Pete v. Ossi, 138 So. 3d 470 (Fla. 2d DCA 2014).

---

[2]The initial pleadings in the Hillsborough County action, including the amended complaint and the amended counterclaim, repeatedly referred to actions undertaken by Ossi Construction, although Ossi Construction was not a party to those proceedings. The pleadings also contain several instances of a repeated scrivener's error in which "Ossi Construction" appears where "Ossi Consulting Engineers" was clearly intended. In any case, Ossi Construction was eventually added as a party when the cross-claims from the Pinellas County action were severed and transferred to the Hillsborough County case.

On September 30, 2014, the trial court rendered a final judgment after remand that, in short, awarded lost profits to Ossi per Count I of the first amended complaint in the Hillsborough County action, awarded O.C.E. payment for its construction administration services per Count V of that complaint, and awarded Ossi Construction its unpaid construction charges per Count II of its cross-claim in the Pinellas County action. The court denied any relief on all other claims, counterclaims, and cross-claims before it in the two actions.

On October 9, 2014, the Plaintiffs moved to amend or correct the final judgment to include prejudgment interest and to correct an apparent scrivener's error, specifically, that the judgment failed to identify Mrs. Agia individually as a judgment debtor with respect to Ossi's award of lost profits in the "conclusion" section of the judgment. The Plaintiffs identified in their motion the trial exhibits that supported their position concerning the dates from which prejudgment interest should be calculated. The Defendants replied and objected to the motion and, on October 13, 2014, moved for rehearing of the final judgment. On November 7, 2014, the trial court entered orders denying the Defendants' motion for rehearing and granting the Plaintiffs' motion to include prejudgment interest and to correct the scrivener's error. On the same date, the trial court entered an amended final judgment that included awards of prejudgment interest and inserted Mrs. Agia's name in the appropriate paragraph in the "conclusion" section of the final judgment.

On November 20, 2014, the Defendants moved to vacate and for rehearing of the amended final judgment. In that motion, they argued that the trial court should not have awarded prejudgment interest without first holding a hearing at which

they could have contested the dates governing the amount of interest awarded. The Plaintiffs responded that an evidentiary hearing was unnecessary because the computation of prejudgment interest is merely mathematical. They again identified the evidentiary bases for the dates on which they relied and also included tables setting forth the statutory interest rates in effect at the relevant times within those dates. On July 7, 2015, the trial court denied the Defendants' motion to vacate and for rehearing.

On July 17, 2015, the Defendants filed their notice of appeal from the November 7, 2014, amended final judgment and from the July 7, 2015, denial of their motion for rehearing.

**<u>JURISDICTION</u>**

On appeal, the Defendants raise seven arguments, five of which (raised in Issues I, II, III, VI, and VII) are directed to findings of fact and conclusions of law that were included in the September 30, 2014, final judgment after remand. We conclude, however, that we lack jurisdiction to consider the Defendants' challenges to any issues addressed in that original final judgment because their notice of appeal was untimely as to those issues. Although the Defendants contend that their November 20, 2014, motion to vacate and for rehearing of the November 7, 2014, amended final judgment tolled the time for filing a notice of appeal as to matters adjudicated in the original final judgment, we disagree. The only substantive difference between the original final judgment and the amended final judgment was the addition of the awards of prejudgment interest,[3] and, like an award of attorney's fees, "the issue of prejudgment

---

[3]In the body of the final judgment, the trial court explicitly determined that Ossi was entitled to relief on his claim against Mrs. Agia. Thus, we readily conclude

- 5 -

interest does not alter the substance of the underlying final judgment." Westgate Miami Beach Ltd. v. Newport Operating Corp., 55 So. 3d 567, 575 (Fla. 2010) (explaining that although prejudgment interest is not incidental to final judgment like attorneys' fees and costs, they are all matters for judge, rather than finder of fact, to calculate and award and are all calculated at completion of case).  Thus, where only prejudgment interest is added in an amended judgment, an appeal from that judgment does not "reach back to the original judgment" but perfects an appeal only from the award of prejudgment interest.  See Janelli v. Pagano, 492 So. 2d 796, 797 (Fla. 2d DCA 1986) ("[W]here only attorney's fees are added in an amended judgment, an appeal from that judgment does not reach back to the original judgment but only brings the propriety of the attorney's fees up for review.").

It follows, therefore, that a motion for rehearing of the amended final judgment does not reach back to matters adjudicated in the original final judgment.[4] Thus, the matters adjudicated in the original final judgment were ripe for appeal upon the trial court's November 7, 2014, denial of the Defendants' motion for rehearing of the original final judgment, see Fla. R. App. P. 9.020(i)(1), and, as to those matters, the Defendants' July 17, 2015, notice of appeal was plainly untimely, see Janelli, 492 So. 2d

---

that the omission of Mrs. Agia's name from the conclusion section of the original final judgment was, in fact, merely a scrivener's error.

[4]That is especially true where, as here, the party seeking rehearing of the amended final judgment has already unsuccessfully sought rehearing of the original final judgment.  See Matamoros v. Infinity Auto Ins. Co., 177 So. 3d 682, 684 (Fla. 3d DCA 2015) (observing that prohibition against successive motions for rehearing is "well-established and unassailable").

at 796-97.  Accordingly, we dismiss the Defendants' appeal for lack of jurisdiction except as to Issues IV and V pertaining to the awards of prejudgment interest.

## PREJUDGMENT INTEREST

The original final judgment awarded the following damages:  (1) $662,500 in lost profits to Ossi (per Count I of the first amended complaint in the Hillsborough County action); (2) $322,050 in unpaid construction-administration-services costs to O.C.E. (per Count V of the first amended complaint in the Hillsborough County action); and (3) $204,687.15 in unpaid construction costs to Ossi Construction (per Count II of the cross-claim in the Pinellas County action).  The amended final judgment added to those damages awards the following awards of prejudgment interest:  (1) $310,040.92 to Ossi's award of lost profits; (2) $106,648.04 to O.C.E.'s award of unpaid construction-administration-services costs; and (3) $73,073.45 to Ossi Construction's award of unpaid construction costs.

The Defendants challenge the awards of prejudgment interest on due process and equitable grounds.  We review the awards de novo.  See Wood v. Unknown Pers. Representative of Estate of Burnette, 56 So. 3d 74, 76 (Fla. 2d DCA 2011).

## A.  Due Process

As an initial matter, the Defendants assert that the Plaintiffs failed to plead entitlement to prejudgment interest.  The record, however, squarely rebuts this assertion—Ossi and O.C.E. demanded interest in the first amended complaint, and Ossi Construction demanded prejudgment interest in connection with its cross-claim from the Pinellas County action.  See Napp v. Carman, 576 So. 2d 361, 362 (Fla. 4th DCA 1991)

- 7 -

(explaining that plea for "interest" can only refer to prejudgment interest "as the matter of postjudgment interest is governed by statute and need not be pled").  And regardless: "prejudgment interest is merely an element of damage.  It does not need to be specially pleaded."  See RDR Comput. Consulting Corp. v. Eurodirect, Inc., 884 So. 2d 1053, 1055 (Fla. 2d DCA 2004), implicitly overruled on other grounds by Lamb v. Matetzschk, 906 So. 2d 1037 (Fla. 2005), as recognized in Easters v. Russell, 942 So. 2d 1008, 1009 n.1 (Fla. 2d DCA 2006).  "[W]hen a verdict liquidates damages on a plaintiff's out-of-pocket, pecuniary losses, plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of that loss."  Argonaut Ins. Co. v. May Plumbing Co., 474 So. 2d 212, 215 (Fla. 1985).

The Plaintiffs' timely motion to amend or correct the final judgment to include prejudgment interest preserved the trial court's jurisdiction to award it.  See Jaye v. Royal Saxon, Inc., 900 So. 2d 634, 635 (Fla. 4th DCA 2005) (noting that specific reservation of jurisdiction to address attorney's fees in final order is not required so long as timely motion for fees is filed); Emerald Coast Commc'ns, Inc. v. Carter, 780 So. 2d 968, 970 (Fla. 1st DCA 2001) ("[T]he failure to award prejudgment interest is an error which can be corrected by a motion for rehearing."), abrogated on other grounds by Westgate Miami Beach, 55 So. 3d 567.  Although the amended final judgment did not include any findings as to the dates of loss, we assume that the trial court accepted the dates set forth in the Plaintiffs' motion to amend or correct the final judgment to include prejudgment interest.  In that motion, the Plaintiffs asserted that (1) the date of loss applicable to Ossi's award of lost profits was September 21, 2007, which was the date on which the parties' increased, extended loan would have matured and after which the

- 8 -

parties would have realized their profit upon paying off the loan; (2) the date of loss applicable to O.C.E.'s award of unpaid construction-administration-services costs was December 19, 2008, which was the date on which O.C.E. had submitted a claim for payment to Dr. Agia; and (3) the date of loss applicable to Ossi Construction's award of unpaid construction costs was September 24, 2008, which was the date on which Ossi Construction had filed a valid claim of lien for unpaid "labor, services, or materials and related work for construction" of the condominium project.

The Defendants argue that the trial court denied them due process by awarding the Plaintiffs their requested prejudgment interest without conducting a hearing at which the Defendants could challenge the asserted dates of loss. The Plaintiffs' motion to amend, however, identified the specific trial exhibits that established those dates, and, notwithstanding their repeated protestation that they were denied an opportunity to be "heard," the Defendants never actually challenged those dates despite opportunities to do so in their reply and objection to the Plaintiffs' motion to amend or correct the final judgment and in their motion to vacate and for rehearing of the amended final judgment. Indeed, they do not even do so on appeal. Accordingly, they have failed to establish a denial of due process on that basis.

**B. Equitable Reduction of Prejudgment Interest**

As noted above, on October 11, 2012, the trial court rendered judgment denying relief to all parties, and this court subsequently reversed and remanded for further proceedings, resulting in the September 30, 2014, judgment for the Plaintiffs. In their amendment to their motion to vacate and for rehearing of the amended final judgment, the Defendants argued, as they argue on appeal, that the trial court should

have excluded from the prejudgment-interest calculus the period between rendition of the original judgment and rendition of the final judgment after remand. The Defendants argued that such equitable relief was warranted because until that judgment on September 30, 2014, there had been no judgment in favor of the Plaintiffs and because, during that approximately two-year period, the Defendants (and everyone else) had been powerless to conclude the litigation by obtaining a trial court judgment.

The Plaintiffs suggested that such equitable relief was unavailable, and the trial court denied the amendment without elaboration. Consequently, it is not clear to us that the trial court understood that it did, in fact, have the discretion to reduce the awards of prejudgment interest based on equitable considerations. Although the Plaintiffs argue that such considerations are inconsistent with the "loss theory" of damages employed in Florida courts, the supreme court has explained:

> [T]he general rule concerning the payment of prejudgment interest [is]: "[O]nce damages are liquidated, prejudgment interest is considered an element of those damages as a matter of law, and the plaintiff is to be made whole from the date of the loss." **This general rule is not absolute**. . . . **"[I]nterest is not recovered according to a rigid theory of compensation for money withheld, but is given in response to considerations of fairness. It is denied when its exaction would be inequitable." We did not recede from this principle in <u>Argonaut Insurance</u> or <u>Kissimmee Utility Authority [v. Better Plastics, Inc.</u>, 526 So. 2d 46 (Fla. 1988)]**. Further, in <u>Ball v. Public Health Trust</u>, 491 So. 2d 608 (Fla. 3d DCA 1986), the Third District Court of Appeal allowed prejudgment interest but restricted the date it commenced to the date of demand or the commencement of the lawsuit, whichever occurred first. The district court did so on equitable grounds, relying on our decision in <u>First State Bank v. Singletary</u>, 124 Fla. 770, 169 So. 407 (1936). **As noted by these decisions, the law is not absolute and may depend on equitable considerations**.

Broward County v. Finlayson, 555 So. 2d 1211, 1213 (Fla. 1990) (third alteration in original) (emphases added) (citation omitted) (first quoting, in part, Kissimmee Util. Auth., 526 So. 2d at 47; and then quoting, in part, Flack v. Graham, 461 So. 2d 82, 84 (Fla. 1984)). The First District Court of Appeal most recently recognized this exception in Arizona Chemical Co. v. Mohawk Industries, Inc., 197 So. 3d 99 (Fla. 1st DCA 2016):

> As an exception to the general rule set forth in Argonaut, courts sometimes calculate prejudgment interest from a date later than the date of the plaintiff's actual loss, where unique facts and considerations of fairness militate against calculating prejudgment interest from the date of actual loss. The trial court in this case did not address the question of whether equitable considerations might justify moving the prejudgment interest date forward. Therefore, we cannot tell whether the court determined that the equities were not in Arizona's favor or whether the court declined to recognize an equitable exception to the general prejudgment interest rule.

Id. at 105 (citations omitted); see also Volkswagen of Am., Inc. v. Smith, 690 So. 2d 1328, 1331 (Fla. 1st DCA 1997) ("The Argonaut decision did not establish an inflexible rule that requires trial judges to assess prejudgment interest in every case regardless of the circumstances. Depending on the equities of a given case, an award of prejudgment interest may be a windfall to the plaintiff and an unfair burden on the defendant.").

## CONCLUSION

Accordingly, we vacate the awards of prejudgment interest and remand for the trial court to consider whether the Defendants have set forth an equitable basis for reducing the awards. Having so considered, the trial court may reinstate the vacated awards or may reduce them in the manner that the Defendants request or in any manner it deems just and equitable.

Dismissed in part; affirmed in part; vacated in part; remanded.

CASANUEVA and CRENSHAW, JJ., Concur.