# Third District Court of Appeal

## State of Florida

Opinion filed September 4, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1525
Lower Tribunal No. 10-30306
_____


**Ino Halegua, et al.,**
Appellants,

vs.

**Victor Lerner, et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Ariana Fajardo Orshan, Judge.

Jones & Adams, P.A., and Matthew L. Jones and Eric Rojo-Dotel; Joel S. Perwin, P.A., and Joel S. Perwin, for appellants.

Charlip Law Group, L.C., and David H. Charlip, for appellees.


Before EMAS, SCALES and BOKOR, JJ.

BOKOR, J.

Ino Halegua and related entities (collectively, Halegua) filed a counterclaim below seeking an accounting for unpaid profit sharing between 2004 and 2009. At a one-day nonjury trial before a predecessor judge, Halegua introduced voluminous evidence in the form of checks representing allegedly unauthorized transactions. These checks, and Halegua's testimony, established the dates and amounts of the underpayments. The resulting final judgment on the counterclaim awarded Halegua the full amount of underpayment they claimed due and owing. However, the issue on appeal involves the availability of prejudgment interest from the date of the loss. The trial court, agreeing with Lerner and the counter-defendants below, concluded that Halegua failed to establish a fixed date of loss, thereby precluding prejudgment interest. Halegua argues that the evidence provides more than a sufficient basis to determine a fixed date of loss, namely, the date that Lerner and the counter-defendants should have paid the full amount awarded at trial.

We review a trial court's decision on entitlement to prejudgment interest de novo. See Citizens Prop. Ins. Corp. v. James, 376 So. 3d 75, 76 (Fla. 3d DCA 2023). While "[i]t is well settled that a plaintiff is entitled to prejudgment interest when it is determined that the plaintiff has suffered an actual, out-of-pocket loss at some date prior to the entry of judgment,"

2

Alvarado v. Rice, 614 So. 2d 498, 499 (Fla. 1993) (citing Argonaut Ins. Co. v. May Plumbing Co., 474 So. 2d 212, 215 (Fla. 1985)), the real issue here becomes whether the party seeking prejudgment interest provided sufficient evidence of a fixed date of loss. Hence, "[t]here are two prerequisites to the award of prejudgment interest as damages: (1) Out-of-pocket pecuniary loss, and (2) a fixed date of loss." Albanese Popkin Hughes Cove, Inc. v. Scharlin, 141 So. 3d 743, 747 (Fla. 3d DCA 2014) (quoting Underhill Fancy Veal, Inc. v. Padot, 677 So. 2d 1378, 1380 (Fla. 1st DCA 1996)).

The evidence presented at trial established both an out-of-pocket loss and a fixed date (or, rather, dates) of loss.[1] Specifically, the checks employed as evidence in support of the accounting counterclaim, as well as Halegua's testimony, detailed several dates of loss from 2004 to 2009. For example, the first check introduced at the accounting trial indicated a date of January 12, 2004. Further, the attachments to Halegua's motion for prejudgment interest specified that as of December 31, 2004, Halegua was owed

---

[1] Since we conclude that the record evidence established a date of loss, we are not in the same situation as examined in Scharlin. There, the court concluded that because the record failed to illustrate a date of loss, "the only possible date that liquidated the Scharlins' claim for prejudgment interest purposes was the date the jury rendered its verdict," which was "to be calculated from the date of the jury verdict until the date of entry of the final judgment." 141 So. 3d at 747–48.

3

$44,628.80, in accordance with the evidence introduced. See Celotex Corp. v. Buildex, Inc., 476 So. 2d 294, 295 (Fla. 3d DCA 1985) ("[W]here a disputed contractual claim becomes liquidated by jury verdict as to the amounts recoverable, interest should be awarded from the date the payment was due."); Charles Buzbee & Sons, Inc. v. Falkner, 585 So. 2d 1190, 1191 (Fla. 2d DCA 1991) (finding error when the trial court awarded prejudgment interest from the date of the verdict rather than July 30, 1987, as the record reflected the plaintiff's damages became liquated at said date).

In other words, "[a] party . . . is entitled to prejudgment interest from the date of the loss when a claim becomes liquidated by a judgment fixing damages." Millard v. Brannan, 553 So. 2d 1248, 1250 (Fla. 2d DCA 1989); Capitol Env't Servs., Inc. v. Earth Tech, Inc., 25 So. 3d 593, 597 (Fla. 1st DCA 2009) ("Once the jury sets the amount of damages to be awarded, the damages are retroactively considered liquidated damages, and the plaintiff is entitled to prejudgment interest back to the date that the damages were due."). Here, at trial, Halegua introduced all checks written between 2004 and 2009 which formed the basis for the loss and the ultimate award in favor of Halegua. While the demonstrative aide provided by Halegua at the hearing on the motion to award prejudgment interest itself was not admissible evidence to determine the date of loss, the checks and testimony it relied on,

4

which were introduced at trial, were admissible and should have been considered by the trial court in determining the date or dates of loss. Accordingly, we reverse and remand for the trial court to award prejudgment interests owed to Halegua based upon the evidence presented at the accounting trial.

Reversed and remanded.