# Third District Court of Appeal
## State of Florida

Opinion filed February 11, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D2024-2172
Lower Tribunal No. 22-1588-CA-01
_____

**Towana Ford-Williams,**
Appellant,

vs.

**Xingu Properties, LLC,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ariana Fajardo Orshan, Judge.

Towana Ford-Williams, in proper person.

EPGD Attorneys at Law, P.A., and Jennifer S. Roldan, for appellee.

Before SCALES, C.J., and FERNANDEZ and BOKOR, JJ.

SCALES, C.J.

In this residential landlord-tenant case, Towana Ford-Williams ("Tenant") appeals a November 19, 2024 Amended Final Judgment that the

trial court amended solely to award Xingu Properties, LLC ("Landlord") amounts for prejudgment interest ($5,232.02), costs ($1,819.15), prevailing party attorney's fees ($89,843.75), and expert witness fees ($9,500).

After a bench trial, the lower court entered a March 5, 2024 final judgment in favor of Landlord. The final judgment fully adjudicated Landlord's claim for unpaid rent, awarding Landlord $37,320.01 in damages. While the trial court retained jurisdiction in the final judgment to adjudicate the collateral issues of Landlord's entitlement to attorney's fees and costs and the amount of prejudgment interest, the final judgment was final and appealable as to the merits. See Ulrich v. Eaton Vance Distribs., Inc., 764 So. 2d 731, 733 (Fla. 2d DCA 2000) ("[A] judgment on the merits of a suit is final and appealable even if it reserves jurisdiction to later determine either a party's entitlement to an attorney's fee award or the amount to be awarded."); Westgate Miami Beach, Ltd. v. Newport Operating Corp., 55 So. 3d 567, 574-75 (Fla. 2010) ("[A] trial court is allowed to reserve jurisdiction in a final judgment to award prejudgment interest in a manner similar to attorneys' fees and costs.").

Tenant did not seek rehearing of the March 5, 2024 final judgment. Nor did she appeal it. Accordingly, to the extent Tenant's instant appeal of the Amended Final Judgment seeks to challenge the merits of Landlord's

2

claim for unpaid rent that was adjudicated in the March 5, 2024 final judgment, Tenant's appeal is untimely and we are compelled to dismiss that portion of Tenant's appeal for lack of jurisdiction. See Gold King Apartments, LLC v. Dumornay, 190 So. 3d 650, 650 (Fla. 3d DCA 2016) ("It is established that where there is no material change between an original final judgment and an amended final judgment, there is no impact on the finality of the original final judgment for purposes of appeal."); Janelli v. Pagano, 492 So. 2d 796, 797 (Fla. 2d DCA 1986) ("[W]here only attorney's fees are added in an amended judgment, an appeal from that judgment does not reach back to the original judgment but only brings the propriety of the attorney's fees up for review."); Leila Corp. of St. Pete v. Ossi, 230 So. 3d 488, 491 (Fla. 2d DCA 2017) ("[W]here only prejudgment interest is added in an amended judgment, an appeal from that judgment does not 'reach back to the original judgment' but perfects an appeal only from the award of prejudgment interest." (quoting Janelli, 492 So. 2d at 797)).

We do have appellate jurisdiction, however, to review those portions of the challenged Amended Final Judgment that, in the first instance, adjudicated Landlord's attorney's fee, costs, and prejudgment interest claims. See Janelli, 492 So. 2d at 797; Ossi, 230 So. 3d at 491. We have

3

reviewed the record carefully and find no error in these awards. We therefore affirm the Amended Final Judgment.

Affirmed in part; dismissed in part.